IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**EVELYN CABELL,**

    **Plaintiff,**

v.                                               Civil Action No. 2:20-cv-507

**CMH HOMES, INC.,** a Tennessee corporation, **SOUTHERN OHIO CONSTRUCTION, LLC,** an Ohio limited liability company, and **JOHN DOE,** an unknown person or entity,

    **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant CMH Homes, Inc. (Hereinafter "CMH") by counsel, Jason J. Stemple, and Oxley Rich Sammons, PLLC, hereby give notice of the removal of this case from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia, at Charleston. In support of Removal of this action, the specific grounds for removal are as follows:

### BACKGROUND

1.    This action was filed in the Circuit Court of Kanawha County, West Virginia on or about June 4, 2020. (See "**Exhibit A**" for a copy of all process, pleadings, and orders served upon such in this action, including the docket sheet and Complaint for civil action number 20-C-452).

2.    This matter involves the sale and installation of a Modular Home purchased by Plaintiff from Defendant CMH. Defendant Southern Ohio Construction, LLC (hereinafter Southern Ohio") installed the Modular Home on the real property owned by Plaintiff.

3. Plaintiff alleges in the Complaint that Defendants' acts or omissions in the construction, sale and installation of the Modular Home constitute Breach of Contract, Negligent Construction, Negligent Hiring and Third-Party Beneficiary (See **Exhibit A**, Complaint, ¶ ¶ 15-31).

## TIMELINESS OR REMOVAL

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides in pertinent part that "the notice of removal of a civil action shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ." 28 U.S.C. § 1446(b).

5. The Summons and Complaint were served upon Defendants CMH and Southern Ohio on June 26, 2020. (See **Exhibit A**, Service of Process from West Virginia Secretary of State). Thus, this Notice of Removal is timely as it has been filed within thirty (30) days of service of CMH and Southern Ohio via the West Virginia Secretary of State.

## DIVERSITY JURISDICTION

6. This Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332, which provides in pertinent part that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different states." 28 U.S.C. 1332(a)(1).

7. As set forth below, the requirements for subject matter jurisdiction are satisfied because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

      A.      <u>Complete Diversity of Citizenship Exists</u>

8.      For the purpose of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. See *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 828 (1989).

9.      For the purpose of diversity jurisdiction, a corporation shall be deemed to be a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 93 (2010). A corporation's principal place of business is usually the singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Hertz Corp.*, 559 U.S. at 90. This "nerve center" test displaced the formerly utilized "business activities test" and does not take into consideration the places in which the corporation has a registered agent or conducts business. *Hertz*, 559 U.S. at 93.

10.      Plaintiff is a resident of the State of West Virginia and resident of Kanawha County, West Virginia. (See **Exhibit A**, Complaint, ¶ 1). Therefore, Plaintiff is a citizen of West Virginia for diversity jurisdiction purposes.

11.      Southern Ohio is a corporate resident of the state of Ohio with its principal place of business in Waverly, Ohio. Therefore, Southern Ohio is a citizen of Ohio for diversity jurisdiction purposes. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant Southern Ohio.

12. Defendant CMH is a corporate resident of the state of Tennessee with its principal place of business in Maryville, Tennessee. Therefore, CMH is a citizen of Tennessee for diversity jurisdiction purposes. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants CMH and Southern Ohio.

B. <u>The Amount in Controversy Exceeds $75,000</u>

13. United States District Courts are vested with original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

14. The Fourth Circuit Court of Appeals in *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199-200 (4th Cir. 2008), has explained the burden of pleading that must be met by the removing party. Specifically, 28 U.S.C. §1446(a) requires that a Notice of Removal contain only "a short and plain statement of the grounds for removal" and that it be "signed pursuant to Rule 11." According to the Court, "While a notice of removal is not a pleading as defined by Federal Rule of Civil Procedure 7(a), this language in § 1446(a) is deliberately parallel to the requirements for notice pleading found in Rule 8(a) of the Federal Rules of Civil Procedure." *Id.* The Fourth Circuit's understanding of the significance of the language selected for inclusion in §1446(a) is, according to *Ellenburg*, confirmed by the legislative history of that provision:

> The present requirement of a verified petition is changed to a requirement that a notice of removal be signed pursuant to Civil Rule 11. This change is in keeping with general modern distaste for verified pleading. The sanctions available under Civil Rule 11 apply to every "other paper", but it seems desirable to make it clear that they are available in cases of improvident removal. The present requirement that the petition of removal state the facts supporting removal has led some courts to require detailed pleading. Most courts, however, apply the same liberal rules that are applied to other matters of pleading. *The proposed amendment requires that the grounds for removal be stated in terms borrowed from the jurisdictional pleading requirement establish[ed] by civil rule 8(a).*

*Id.* (quoting H.R.Rep. No. 100–889, at 71–72 (1988), *as reprinted* in 1988 U.S.C.C.A.N. 5982, 6032) (emphasis added in original)). In sum, "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332, so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Id.* at 200 (internal citation omitted).

15. On a motion for remand or other challenge of jurisdictional allegations, a defendant asserting the existence of federal diversity jurisdiction is tasked with proving by a "preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount. This test is framed alternatively as a requirement that a defendant demonstrate that it is more likely than not that the amount in controversy exceeds the jurisdictional amount." *Stoler v. Penny-Mac Loan Srvs.*, LLC, 2018 WL 6422469, *2 (S.D. W.Va. Dec. 6, 2018) (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W.Va. 1996)).; *see also Jackson v. Am. Nat'l Prop. and Cas. Co.*, 2017 WL 5559922, *2 (S.D. W.Va. Nov. 17, 2017). "Estimating the amount in controversy is not nuclear science, as a removing defendant is somewhat constrained by the plaintiff." *Stoler*, 2018 WL 6422469 at *2 (quoting *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017)) (other internal citations omitted). "[P]laintiffs are free to purposely omit information that would allow a defendant to allege the amount in controversy with pinpoint precision." *Id.* (internal citation omitted).

16.   Plaintiff's Complaint does not include any ad damnum clause(s). See Complaint, Exh. 1. Accordingly, in calculating the amount in controversy, the court looks to the totality of the circumstances, including the complaint, the type and extent of the plaintiff's damages, the amounts awarded in similar cases, and losses incurred to date of removal. *Id*. (citing *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 963–64 (S.D.W. Va. 2011)). The court uses this information "to estimate what a reasonable plaintiff would demand or claim. If the court thinks that a reasonable plaintiff would claim more than $75,000, then the defendant has met its burden of proof." *Id*.; *see also, Jackson*, 2017 WL 5559922 at *3. Here, the Complaint reflects a claim for damages that greatly exceeds $75,000.

17.   Plaintiff entered into a Sales Agreement to purchase a Modular Home from Defendant CMH for $174,260.90. (See **Exhibit B,** Sales Agreement). If Plaintiff prevails in their Breach of Contract Claim, CMH could be required to buyback the home, remove it from the property and restore the land to its original condition. The return of the purchase price of $174,260.90 greatly exceeds the amount in controversy requirement. Nevertheless, Plaintiff also seeks other damages in this action.

18.   In regard to the Breach of Contract claim, the harm and damages alleged by the Complaint are unquestionably severe. The Plaintiff alleges the home was poorly constructed and is below the standard of care expected of prudent contractors, resulting in the home having defects in numerous ways. Complaint, ¶ 12. In addition, Plaintiff alleges Defendant CMH negligently constructed the Modular Home on the Property. Complaint, ¶ 19-20. Plaintiff also alleges that Defendant CMH negligently hired Defendant Southern Ohio to construct the Modular Home on the Property. Complaint, ¶ 22-25. In light of such damages, a reasonable plaintiff would claim damages greatly exceeding $75,000. If the Plaintiff establishes that the

defects substantially impair the value of the home, Plaintiff will claim the ability to revoke acceptance of the Modular Home. This would require CMH to return the entire purchase price of $174,260.90 and pay reasonable attorney fees and costs.

19. If Plaintiff succeeds on his claims for negligence and breach of contract, he will also claim compensatory damages to make him whole. These damages would include losses depreciation of the real property on which the Modular Home sits, cost of repairs, aggravation, pre and post-judgment interest, attorney fees, and other damages determined by litigation. Complaint, ¶ 33. This amount is in addition to the return of the purchase price ($174,260.90 ) of the Modular Home.

20. The foregoing analysis adequately demonstrates that CMH, Southern Ohio and Plaintiff are citizens of different states. Likewise, the amount in controversy greatly exceeds $75,000. Therefore, this Honorable Court has original subject matter jurisdiction over this action pursuant to the diversity jurisdiction statute codified at 28 U.S.C. § 1332.

## PROCEDURAL REQUIREMENTS ARE SATISFIED

21. Removal to this Court is proper because this is the federal district and division embracing the state court where this action is pending. 28 U.S.C. § 1441(a).

22. Defendant Southern Ohio has consented to this action being removed from the Circuit Court of Kanawha County, West Virginia. (See **Exhibit C**, Confirmation of Consent to Remove).

23. CMH has given prompt notice of this removal to the state court by filing its Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia, as required by 28 U.S.C. § 1446(d) (See **Exhibit D**, Notice of Removal).

24. CMH has met its burden of pleading the grounds for removal. If the propriety of removal is challenged by Plaintiff, CMH requests the Court allow for further briefing of issues raised by Plaintiff.

**WHEREFORE**, Defendant CMH Homes, Inc. hereby removes to this Honorable Court the action currently pending in the Circuit Court of Kanawha County, West Virginia as Civil Action Number 20-C-452.

                                              **CMH HOMES, INC.,**
                                              **BY COUNSEL**

s/*Jason J. Stemple*
Jason J. Stemple (WV Bar No. 8883)
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718
Telephone: (304) 522-1138
(Counsel for CMH Homes, Inc.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Charleston Division

**EVELYN CABELL,**
    **Plaintiff,**

**v.**                                                             Civil Action No. 2:20-cv-507

**CMH HOMES, INC.,** a Tennessee corporation, **SOUTHERN OHIO CONSTRUCTION, LLC,** an Ohio limited liability company, and **JOHN DOE,** an unknown person or entity,
    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of July, 2020, the undersigned counsel served the foregoing "**NOTICE OF REMOVAL**" upon counsel of record by filing the document with the Clerk of the Court for the United States District Court for the Southern District of West Virginia, Charleston Division, using the CM/ECF System, which will send notification of such filing as follows:

        Michael J. Del Giudice (WV #982)
        Ciccarello, Del Giudice & LaFon
        1219 Virginia Street East, Suite 100
        Charleston, WV 25301
        Telephone: (304) 343-4440
        (Counsel for Plaintiff)

        Southern Ohio Construction, LLC
        Rocky Bumgardner
        20416 State Route 772
        Waverly, Ohio 45690
        Telephone: (740) 947-4798

        Sarah Walling, Esquire
        Jenkins Fenstermaker PLLC
        325 8th Street
        Huntington, WV 25701
        Telephone: (304) 521-4571
        (Counsel for Southern Ohio)

s/*Jason Stemple*
Jason J. Stemple (WV Bar No. 8883)
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718
Telephone: (304) 522-1138
(Counsel for CMH Homes, Inc.)