IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EVELYN CABELL,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:20-cv-00507

CMH HOMES, INC., et al.,

          Defendants.

ORDER

    Pending before the court is a Motion to Exclude Plaintiffs' Untimely and Incomplete Rule 26(a)(2) Disclosures. [ECF No. 80]. This motion was filed jointly by Defendants CMH Homes, Inc.; CMH Manufacturing, Inc.; and Southern Ohio Construction, LLC. Plaintiffs have responded [ECF No. 88], and I find that a reply by Defendants is unnecessary to rule on the motion. The motion seeks exclusion of the five potential expert witnesses identified in "Plaintiffs' Final Rule 26(a)(3) disclosures" [ECF No. 72] because that disclosure was untimely and incomplete. For the reasons that follow, the motion is **GRANTED**.

    At the request of the parties, I issued an amended scheduling order in this case on May 13, 2021. [ECF No. 68]. As part of that scheduling order, Plaintiffs' expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2) were due on May 21, 2021. Rule 26(a)(2) requires disclosure of the identity of an expert witness

and a report prepared and signed by the expert. For each expert, the report must contain (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the last 10 years; (5) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B). And, "[a] party *must* make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D) (emphasis supplied).

Plaintiffs filed a Rule 26(a)(2) disclosure on March 15, 2021, which disclosed Samuel Wood, SCE, PE, as their sole expert. [ECF No. 50]. The March 15 disclosure complied with the requirements of Rule 26(a)(2) and Defendants do not challenge it here. However, on May 21, 2021, Plaintiffs filed a "Supplemental Expert Witness Disclosure" [ECF No. 69] that, though timely, did not even attempt comply with Rule 26(a)(2). The supplemental disclosure provided that "[i]n addition to Samuel Wood, previously disclosed, Plaintiff shall be calling a Licensed Contractor to testify as to the cost of repairing the structure at issue in this case. The name, qualifications and substance of his/her opinions will be provided as soon as possible." [ECF No. 80-4]. Weeks later, just four days before the deadline for Defendants' Expert Disclosures, Plaintiffs filed what was styled as "Final Rule 26(a)(3) Disclosures." [ECF No. 72]. Defendants contend, however, that Plaintiffs were actually filing new or additional

expert disclosures. Plaintiffs do not disagree with this characterization and in fact recognize that they intend to treat the five new witnesses identified in the "final" disclosure, in addition to Samuel Wood, as expert witnesses. In addition to being untimely, Plaintiffs' final expert disclosure failed almost entirely to comply with Rule 26(a)(2).

The final disclosure identified five new expert witnesses: Owen Petershein, Elite Commercial Roofing; Josh Milam, ELM Electrical and Contracting; Matt Westin, Calendar Construction; Paul Teumler, Certified Home Inspector; and Ryan Roggasch, Contractor. The disclosure included estimates from Petershein [ECF No. 80-6], Milam [ECF No. 80-7], and Westin [ECF No. 80-8] for various home repairs, but these estimates fall far short of the Rule 26(a)(2)(B) requirements for an expert report. The estimates are not signed; they include no opinions or the basis or reasoning for any opinions; there is no discussion of the facts or data known to the witnesses and no discussion of evidence or exhibits; there is nothing regarding the witnesses' qualifications or prior expert testimony; and there is no statement about compensation for serving as a witness. Because Plaintiffs filed incomplete and untimely expert disclosures, they "necessarily violated" Rule 26(a)(2) and the court's Amended Scheduling Order.

The United States Court of Appeals for the Fourth Circuit has recognized that the Federal Rules of Civil Procedure provide the "automatic sanction" of exclusion when a party fails to comply with Rule 26(a). *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 595 n.2 (4th Cir. 2003). Specifically, Rule

3

37(c)(1) provides that when "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fourth Circuit has explained why this harsh sanction is necessary and appropriate: "Rule 26 disclosures are often the centerpiece of discovery in litigation that uses expert witnesses. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 472 F.3d 271, 278 (4th Cir. 2005).

To overcome the automatic sanction of exclusion, Plaintiffs must show that their noncompliance was substantially justified or harmless. To determine whether noncompliance is substantially justified or harmless, the Fourth Circuit has said that district courts

> *should be guided* by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States*, 318 F.3d at 596–97) (emphasis in original). The first four factors "relate mainly to the harmlessness exception, while the remaining factor—explanation for the nondisclosure—relates primarily to the substantial justification exception." *S. States*, 318 F.3d at 597.

4

In their response, Plaintiffs acknowledge that they failed to comply with Rule 26(a)(2) but cite the ongoing COVID-19 pandemic in an attempt to justify their noncompliance. Plaintiffs say they filed this action in the midst of the pandemic "when most of the Courts were shutdown." [ECF No. 88, at 3]. They claim that a continuance, rather than exclusion, is the appropriate remedy "[e]specially under these trying times where Courts were shut down for such an extended period of time." [ECF No. 88, at 4]. Though I cannot say whether other courts were "shut down," this court has remained active throughout the pandemic, albeit at times through remote work. Plaintiffs have, at all times, had access to the court's online CM/ECF filing system, and they have had access to email and the postal service to serve their disclosures to Defendants. Beyond that, Plaintiffs' disclosures were not due until May 21 of *this year*. There was certainly no shut down, stay-at-home order, or lack of internet services at that time. While I am certainly aware that the pandemic has caused changes and some delays in court operations, I am wholly unconvinced that Plaintiffs' claimed but nonexistent "shut down" had anything to do with their failure to timely file complete expert disclosures. I also note that Plaintiffs could have, at any point prior to now, asked for a continuance if they needed more time to comply with the Rules.

Only slightly more convincingly, Plaintiffs go on to explain that the nature of this case requires experts in the field of construction and that the pandemic has caused severe turmoil in that industry. Plaintiffs explain that they "have had difficulty getting contractors to come to the house and provide quotations as to what

it will cost to repair it" because the soaring costs of building materials has made it nearly impossible for contractors to "give estimates that are guaranteed more than day-to-day." [ECF No. 88, at 3]. While I certainly recognize the hardship the pandemic has placed on the construction industry, I am not persuaded that this substantially justifies Plaintiffs' noncompliance with the Rules and Amended Scheduling Order. Notably, the three estimates Plaintiffs included in their late "Final" Disclosure are dated September 17, 2019 [ECF No. 80-8]; February 18, 2020 [ECF No. 80-7]; and March 2, 2020 [ECF No. 80-6]. Plaintiffs have had these estimates and therefore known the identity of these witnesses since *before* the pandemic began. In fact, Plaintiffs did not even file this case in state court until June 4, 2020. Though it would have still been noncompliant with Rule 26(a)(2), Plaintiffs could have filed exactly the same disclosure before the time to do so expired. Instead, Plaintiffs waited until weeks after the deadline to disclose information that had been known to them for over a year.

I have little trouble concluding that Plaintiffs' noncompliance with Rule 26(a)(2) was not substantially justified. Likewise, I cannot find that the noncompliance was harmless. Defendants were no doubt surprised when Plaintiffs identified five new experts well after the deadline to do so and after Defendants had already engaged experts of their own in response to Plaintiffs sole properly disclosed expert. Though the surprise could possibly cured by a continuance, that would require reopening discovery, delaying dispositive motions, and continuing the trial. Further, Defendants would be required to expend significantly more time and resources to find

6

and engage new experts of their own to respond to Plaintiffs new experts. Defendants would certainly be harmed if I were to allow Plaintiffs to move forward with these experts. I recognize Plaintiffs' argument that these experts and the evidence that they would provide are important to Plaintiffs' case. But that is all the more reason Plaintiffs should have worked diligently to comply with the Rules or, at the very least, filed a motion to extend the deadline before it passed.

Defendants' motion to exclude [ECF No. 80] is **GRANTED**. The new witnesses identified in "Plaintiffs' Final Rule 26(a)(3) Disclosures"—Owen Petershein, Elite Commercial Roofing; Josh Milam, ELM Electrical and Contracting; Matt Westin, Calendar Construction; Paul Teumler, Certified Home Inspector; and Ryan Roggasch, Contractor—are excluded.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 15, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE